UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FRANK LANDON ADAMS, JR.,

    Petitioner,

v.                                  Case No.   3:20-cv-442-MMH-LLL

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS
and FLORIDA ATTORNEY GENERAL,

    Respondents.
_____

## ORDER

Petitioner Frank Landon Adams, Jr., moves the Court to rehear his petition for writ of habeas corpus. (Doc. 31; Motion) Because Adams filed the Motion within 28 days of entry of the Judgment, the Court construes it as a motion to alter or amend the Judgment under Rule 59(e), Federal Rules of Civil Procedure. See Barr v. One Touch Direct, 2016 WL 6037535, at *2 (M.D. Fla. Oct. 14, 2016) ("Motions for reconsideration filed within 28 days of the Court's judgment are governed by Rule 59(e), whereas motions for reconsideration filed after the 28-day period are governed by Rule 60(b).").

Adams was convicted of interception of oral communication, tampering with physical evidence, and four counts of video voyeurism. The state trial court sentenced him to five years in prison on the tampering with evidence

conviction, a consecutive five-year term of imprisonment on the interception of oral communications conviction, and 364 days imprisonment on each of the four video voyeurism convictions, to run concurrent with each other and with the tampering with evidence conviction. In the § 2254 Petition, Adams alleged that (1) his attorney was ineffective for failing to adequately argue his motion to suppress; (2) the State knowingly used perjured testimony; (3) he was convicted of a crime not charged in the Information; (4) his attorney was ineffective for failing to move to sever the possession of sexual performance by a child charge;[1] and (5) his attorney was ineffective for failing to present any defense and committed fraud on the court. (See Doc. 1; § 2254 Petition) The Court found that each claim lacked merit, denied the § 2254 Petition, and entered Judgment against Adams. (Doc. 27; Order Denying § 2254 Petition; Doc. 28; Judgment) In the Motion, Adams argues that (1) in Ground One, the Court overlooked his substantive claim that the second search warrant violated the Fourth Amendment; (2) the record supports his assertion that law enforcement acted in bad faith in obtaining the search warrants; and (3) the Court misunderstood that the gravamen of Ground Five of the § 2254 Petition was his attorney's fraud on the court.

---

[1] The jury found Adams not guilty of this charge. (Doc. 11-1, Ex. A at p. 536).

2

Rule 59(e) affords the Court discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly[ ] discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999). The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling absent a manifest error of law or fact. Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As a result, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005); see also O'Neal, 958 F.2d at 1047.

As to the denial of relief on Ground One of the § 2254 Petition, Adams argues that the Court overlooked his claim that the second search warrant was obtained in violation of the Fourth Amendment. Motion at pp. 1-2. But a review

3

of Ground One reveals Adams presented an ineffective assistance of counsel claim, not a substantive claim alleging a Fourth Amendment violation. § 2254 Petition at pp. 7-8. In fact, in his reply, Adams asserted that "[t]he basis of Ground One of the petition is on trial counsel's failure to effectively argue the illegality of the Search and Seizures . . . ." (Doc. 18; Reply to Respondent's Response) at p. 3. Moreover, a review of the record reveals that Adams failed to exhaust a substantive Fourth Amendment claim. Notably, the Court addressed the ineffective assistance claim presented in Ground One. Adams failed to adequately present a substantive Fourth Amendment violation claim. Thus, there was no Clisby error.[2] See Barritt v. Secy, Fla. Dep't of Corr., 968 F.3d 1246, 1251-52 (11th Cir. 2020) (explaining no Clisby error occurs when a petitioner fails to adequately present a claim to the district court). As such, Adams' first argument warrants no relief under Rule 59(e).

As to Adams' second argument - that the record supports his assertions that Detective Schwall provided false information to obtain the search warrants, and law enforcement had illicit reasons to search his home, Motion at pp. 3-4, - Adams seeks to improperly relitigate old matters. See Michael

---

[2] Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (holding that a district court must address all claims alleged in a habeas petition).

4

Linet, 408 F.3d at 763 (stating that Rule 59(e) cannot be used to "relitigate old matters . . . ."). Adams presented this argument in Grounds One, Two, and Five of his petition, § 2254 Petition at pp. 7-10, 14-16, and the Court rejected the argument. It is improper to use Rule 59(e) to ask this Court to reconsider this argument. See Jacobs, 626 F.3d at 1344 ("Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59."). Accordingly, Adams' second argument warrants no relief under Rule 59(e).

Finally, as to the denial of relief on Ground Five, Adams argues that the Court misconstrued his claim as one of ineffective assistance of counsel rather than fraud on the court. Motion at pp. 4-17. The Court disagrees. In Ground Five, Adams asserted several sub-claims alleging ineffective assistance during trial and sentencing. § 2254 Petition at pp. 14-17. The Court addressed each sub-claim. Order Denying § 2254 Petition at pp. 33-57. And the Court addressed the fraud and perjury claims Adams raised in Ground Five. Id. at pp. 57-60. To the extent that Adams attempts to relitigate the fraud claim or advance new arguments (for example, his assertion that as a former Assistant State Attorney, defense counsel had "divided loyalties"), see Motion at p. 10, that is an improper use of a Rule 59(e) motion. See Banister v. Davis, 590 U.S.

5

504, 508 (2020) (When ruling on a motion under Rule 59(e), courts will not address new arguments or evidence that the moving party could have raised before the decision issued.); Jacobs, 626 F.3d at 1344 ("Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59."). Adams' third and final argument warrants no relief.

In sum, Adams fails to show a manifest error of law or fact as to the denial of relief on any ground in his § 2254 Petition seeking a writ of habeas corpus.

Having considered each of Adams' arguments, it is **ORDERED**:

1. Petitioner Adams' "Amended Motion for Rehearing" under Rule 59(e) (Doc. 31) is **DENIED**.

2. If Adams appeals this Order, the Court denies a certificate of appealability (COA) because he has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**ORDERED** at Jacksonville, Florida, on September 30, 2024.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

TpaP-3
cc: Frank Landon Adams, Jr.
    Counsel of Record